UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHANTAL DE LOS SANTOS,<br><br>Defendant. | **INFORMATION**<br><br>24 Cr. 508 |

## COUNT ONE
### (Conspiracy to Commit Honest Services Wire Fraud)

The United States Attorney charges:

1. From at least in or about March 2022 through at least in or about June 2022, in the Southern District of New York and elsewhere, CHANTAL DE LOS SANTOS, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, honest services wire fraud, in violation of Title 18, United States Code, Sections 1343 and 1346.

2. It was a part and an object of the conspiracy that CHANTAL DE LOS SANTOS, the defendant, and others known and unknown, having devised and intending to devise a scheme and artifice to defraud, and to deprive the New York City Department of Correction ("DOC") of its intangible right to the honest services of a DOC program counselor ("Counselor-1"), and the DOC and a particular DOC contractor ("DOC Service Provider-1") of their intangible right to the honest services of a DOC Service Provider-1 employee who was authorized to distribute electronic tablets to DOC inmates ("Tablet Director-1"), would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice,

in violation of Title 18, United States Code, Sections 1343 and 1346, to wit, DE LOS SANTOS and others conspired to and did provide monetary bribes and prison contraband to Counselor-1 and Tablet Director-1 in exchange for which Counselor-1 and Tablet Director-1 introduced said prison contraband into a DOC facility, and those exchanges were facilitated through telephone calls, text messages, WhatsApp messages, and payments and messages transmitted using the mobile phone application and payment service platform "Cash App," and other electronic communications in interstate commerce.

Overt Acts

3.  In furtherance of said conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

   a.  On or about March 26, 2022, CHANTAL DE LOS SANTOS, the defendant, met with Counselor-1 in New York, New York, and provided Counselor-1 with prison contraband, which Counselor-1 subsequently brought into a DOC facility and provided to a DOC inmate ("Inmate-1").

   b.  On or about March 31, 2022, DE LOS SANTOS met with Counselor-1 and provided Counselor-1 with prison contraband, which Counselor-1 subsequently brought into a DOC facility and provided to Inmate-1.

   c.  On or about May 24, 2022, DE LOS SANTOS met with Tablet Director-1 and paid him $3,000 in cash, in exchange for which Tablet Director-1 subsequently brought contraband into a DOC facility and provided said contraband to a particular inmate ("Inmate-2").

2

   d. On or about June 10, 2022, DE LOS SANTOS withdrew $1,000 in cash from a bank, which cash DE LOS SANTOS subsequently paid Tablet Director-1, in exchange for which Tablet Director-1 brought contraband into a DOC facility and provided it to Inmate-2.

(Title 18, United States Code, Section 371.)

### **FORFEITURE ALLEGATION**

4. As a result of committing the offense alleged in Count One of this Information, CHANTAL DE LOS SANTOS, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### **Substitute Assets Provision**

5. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

                (Title 18, United States Code, Section 981;
                Title 21, United States Code, Section 853; and
                Title 28, United States Code, Section 2461.)

*Damian Williams*
DAMIAN WILLIAMS
United States Attorney